UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10603 RGS

HERBERT KLINE and
HDK SALES CO., INC.,

    Plaintiffs,

v.

GHASSAN A. FAKHIRDIN A/K/A
GHASSAN FAKHRULDDIN,
PETER GAVRILOV,
KENNETH GEORGE JOHNSON,
and PIERRE COHEN-AKNINE.

    Defendants,

**MOTION TO RECONSIDER ORDER DIMISSING CASE AND
EXTEND TIME FOR SERVICE OF PROCESS**

Pursuant to Fed. R. Civ. P. 4(m), Plaintiffs Herbert Kline and HDK Sales Co., Inc. requests the Court reconsider its August 3, 2005, order dismissing the case failure to make service of process and extend the time for completing service of process. As grounds, Plaintiffs state:

1.    On March 29, 2005, Plaintiffs filed a Complaint in this action for fraud, breach of contract and violations of the Racketeer Influenced and Corrupt Organizations Act against Defendants Ghassan A. Fakhirdin a/k/a Ghassan Fakhrulddin, Peter Gavrilov, Kenneth George Johnson and Pierre Cohen-Aknine. The date for completing service of process on the defendant was Wednesday, July 27, 2005.

2.    Plaintiffs allege that the Defendants worked together as part of a common scheme to attempt to fraudulently induce and have fraudulently induced Plaintiffs and others to pay for personal electronics and other goods without any intent to deliver the merchandise. The head of

this common scheme is believed to be Ghassan A. Fakhirdin a/k/a Ghassan Fakhrulddin ("Ghassan").

3.      Based upon its past dealings with the Defendants, Plaintiffs believe that service must be made on all Defendants concurrently in order to ensure that none evade service and avoid suit.  Concurrent service is particularly difficult as each of the Defendants resides in a different country and Defendant Ghassan continues to move about internationally.

4.      Plaintiffs have made multiple attempts to locate and make in hand service on Ghassan when he was visiting New York and later Los Angeles.  In the past four months Ghassan is known to have been in the United States, China and Pakistan.

5.      Diligent efforts to make service on Ghassan continue.  Plaintiffs have retained private investigator Ed Myers in Los Angeles, California to make service.  It is expected that service will be completed in the coming months.

6.      In order to ensure roughly concurrent service on all Defendants, Plaintiffs have postponed service on the remaining Defendants.  However they have been located through the help of private investigators.  Defendant Peter Gavrilov is believed to be in Marsta, Sweden. Defendant Pierre Cohen-Aknine is in Seoul, South Korea.

7.      Plaintiffs have begun the process of translating the Complaint and Summons and making service on Gavrilov and Cohen-Aknine in each of their respective countries through the Hague Convention.  Once service is close to being made on both Gavrilov and Cohen-Aknine, Defendant Kenneth George-Johnson will be served in hand in Texas.

8.      On Wednesday, August 3, 2005, counsel for Plaintiffs received electronic notice that the case was being dismissed for failure to make timely service of process.  At the time the notice was received, counsel for Plaintiffs was already preparing to file an Emergency Motion to

Extend Time for Service of Process. Pursuant to the recommendation of the Court Clerk, Plaintiffs have prepared the following in lieu of that Motion.

9. Accordingly, Plaintiffs hereby request an additional 90 days to complete service of process, until October 28, 2005. If this extension is not granted, the plaintiff will be unduly prejudiced in his attempts to make valid service on Defendants who are actively seeking to avoid it.

        Respectfully Submitted,

        HERBERT KLINE &
        HDK SALES CO., INC.,

        /s / Christopher Duggan
        Christopher A. Duggan
        BBO No. 544150
        Smith & Duggan LLP
        Lincoln North
        55 Old Bedford Road
        Lincoln, MA 01773
        (617) 228-4400

Date:   August 4, 2005